**Phillip NELSON and Alice Nelson, Plaintiffs-Appellants,**

v.

**CITY OF CHESTER, ILLINOIS, a Municipal Corporation, Russell A. Helmers and Dale G. Volle, Defendants-Respondents.**

No. 51642.

Missouri Court of Appeals, Eastern District, Southern Division.

June 30, 1987.

for wrongful death regarding the death of their son. We affirm in part and reverse and remand in part.

In their petition, plaintiffs allege their son was killed in a one car accident as a result of a high speed police chase in Perry County, Missouri in which their son, the pursued driver, was chased by two policemen from the City of Chester, Illinois. In their statement of facts on appeal, plaintiffs further contend the Illinois officers pursued their son for failure to pay the toll on a bridge leading from Illinois into Missouri. Plaintiffs did not allege this fact in their petition.

Plaintiffs brought suit against the police officers individually and against the City of Chester, Illinois. The petition under consideration by this court is plaintiff's three count amended petition for damages. Counts I and II are against the individual police officers. The trial court dismissed these two counts for failure to state a claim and on grounds of official immunity. Count III is against the City of Chester, Illinois. The trial court dismissed the third count for failure to state a claim and on the basis of sovereign immunity.

■ In plaintiffs' first two points on appeal they contend the trial court erred in dismissing the counts of their petition against the police officers individually for failure to state a claim, as plaintiffs contend they did plead proximate cause between the officers' conduct and their son's death. Assuming plaintiffs did state a cause of action against the individual officers, plaintiffs have not appealed from that portion of the trial court's judgment dismissing plaintiffs' counts against the individual officers on grounds of official immunity.

Plaintiffs do not mention the doctrine of official immunity in their points relied on or argument. "The questions for decision on appeal are those stated in the points relied on, and a question not there presented will be considered abandoned on appeal and no longer an issue in the case." *Pruellage v. De Seaton Corp.*, 380 S.W.2d 403, 405 (Mo. 1964), *see also, Smith v. Welch*, 611 S.W.2d

James R. Hanlin, St. Louis, for plaintiffs-appellants.

Kim Roger Moore, Perryville, for defendants-respondents.

DOWD, Presiding Judge.

Plaintiffs appeal following the trial court's dismissal of their cause of action

398, 399 (Mo.App.1981). Even if plaintiffs have pled an action for negligence against the officers, that portion of the trial court's judgment dismissing plaintiffs' counts against the officers based on official immunity, which plaintiffs do not contend on appeal to be error, bars plaintiffs' claim. Plaintiffs' first two points are denied.

■ Next, plaintiffs contend the trial court erred in dismissing Count III against the City of Chester on grounds of sovereign immunity and for failure to state a claim. "A petition is not to be dismissed for failure to state a claim upon which relief can be granted unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Oberkramer v. City of Ellisville,* 706 S.W.2d 440, 441 (Mo. banc 1986). All facts alleged in the petition are treated as true and the allegations are construed favorably to plaintiffs. *Id.*

Plaintiffs contend that they have pleaded a cause of action against the City for negligence in that they pleaded the "Defendant Municipality knew, or should have known, that said officers were not properly trained, were not emotionally competent, were not capable of exercising mature judgment, and were not qualified to be police officers, yet Defendant Municipality furnished said officers with authority, including emergency equipment."

To plead a cause of action for negligence plaintiffs must allege: "(1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) the failure of the defendant to perform that duty, and (3) an injury to the plaintiff directly and proximately resulting from defendant's failure to perform the duty owed to plaintiff." *Einhaus v. O. Ames Co.,* 547 S.W.2d 821, 824 (Mo.App.1976).

While plaintiffs' petition is not a model of clarity, we find they have pleaded an action for primary negligence against the City for failing to properly train their police officers. Missouri law recognizes a duty on the part of an employer to hire employees possessing such skill "as is ordinarily and reasonably commensurate with the work to be performed by them." *Kuhlman v. Wa-*

*ter, Light & Transit Co.,* 307 Mo. 607, 271 S.W. 788, 799 (1925). Because of the special skills required of a police officer, both Missouri and Illinois have statutorily provided minimum training requirements for police officers. § 590.105, RSMo 1986; Ill. Ann.Stat. Ch. 85, § 508.1 (Smith-Hurd 1987). Plaintiffs have alleged a duty on the part of the City to train their police officers, a breach of that duty, and that their son's death proximately resulted from the failure by the City to perform its duty in that the failure to train the officers resulted in the officers' conduct in pursuing plaintiffs' son.

Defendant City contends the proximate cause of the death of plaintiffs' son was his own inability to control the vehicle he was driving at an excessive speed, not the conduct of the officers in pursuing the decedent and that the City's failure to train the officers could not be the proximate cause of decedent's death.

In *Oberkramer v. City of Ellisville,* 650 S.W.2d 286, 298 (Mo.App.1983), this court noted that: "[T]he operation of the pursued vehicle was voluntary but we do not believe these acts of the fleeing suspects in operating their vehicle were so extraordinary that the police officers' acts were, as a matter of law, not the proximate cause of the death in question." *Oberkramer* involved an action against three municipalities by the survivors of a police officer killed when the driver of the pursued vehicle in a high speed police chase lost control of his vehicle after coming upon a roadblock and hit the officer, who was standing about 100 feet from the roadblock. In *Oberkramer,* this court held that if the plaintiffs could plead a breach of the officers' duty of care as to high speed chases, plaintiffs' action would not be barred by lack of proximate cause. *Id.* at 294. The court then remanded to allow plaintiffs an opportunity to plead a breach of the duty of care. After plaintiffs amended their petition the Missouri Supreme Court granted transfer. *Oberkramer, supra,* 706 S.W.2d 406. Plaintiffs' newly added allegations only averred negligent conduct on the part of the pursued driver and did not allege negli-

gent acts on the part of the police officers. The Supreme Court upheld the trial court's dismissal of plaintiffs petition on grounds that "[t]he plaintiffs have pleaded no acts of negligence on the part of the police officers." *Id.* at 442. Therefore the court held "the proximate cause of the officer's death was the pursued traffic violator and not the pursuing officers." *Id.* The court noted: "In most decisions finding liability on the part of the police officers, the plaintiff alleged specific violations of statute or formal policy on the part of the police officer." *Id.*

Here plaintiffs have pleaded negligence on the part of the pursuing officers. Plaintiffs have pleaded that the officers acted contrary to Missouri's Uniform fresh pursuit law, § 544.155, RSMo 1986, which authorizes a peace officer from a foreign jurisdiction to enter Missouri in fresh pursuit only of a person he believes to have committed a felony in that foreign jurisdiction.

Proximate cause of an injury is ordinarily to be determined by the trier of fact. *Hartenbach v. Johnson,* 628 S.W.2d 684, 687 (Mo.App.1982). Plaintiffs' decedent may have been negligent in failing to yield to an emergency vehicle and in maintaining an excessive speed. "With the adoption of comparative negligence in *Gustafson v. Benda,* 661 S.W.2d 11 (Mo. banc 1983), [however], the contributory negligence of a plaintiff no longer operates as a complete bar to recovery."[1] *Finninger v. Johnson,* 692 S.W.2d 390, 393 n. 1 (Mo.App.1985).

We cannot say as a matter of law that the alleged breach of the City's duty to train the officers was not the proximate cause of decedent's death. While plaintiffs may not be successful in their wrongful death action in that decedent may be deemed 100% at fault, construing the allegations most favorably to plaintiffs, Count III of plaintiffs' petition does state a cause of action.

▪ As to sovereign immunity, plaintiffs have pleaded that the City of Chester

has purchased liability insurance. The operation and supervision of a police department does constitute the exercise of a governmental function. *St. John Bank & Trust Co. v. City of St. John,* 679 S.W.2d 399, 401 (Mo.App.1984); *Oberkramer, supra,* 650 S.W.2d at 297. The purchase of insurance covering the exercise of a governmental function, however, waives the protection of sovereign immunity to the extent of the insurance coverage. § 71.-185, RSMo 1986; *St. John Bank & Trust Co., supra,* at 401; *Oberkramer, supra,* 650 S.W.2d at 297–98.

Finally, plaintiffs contend the trial court erred in finding plaintiffs' son guilty of contributory negligence as a matter of law. No such finding by the trial court is apparent from the record before us. In any event, our disposition of the case is not based on any such finding. Point denied.

The judgment of the trial court dismissing Counts I and II of plaintiffs' petition against the individual police officers is affirmed. That portion of the trial court's judgment dismissing Count III against the City of Chester is reversed and remanded.

CRIST and CRANDALL, JJ., concur.

1. The cause of action in this case arose in August 1982, prior to the *Gustafson* decision. In *Gustafson,* however, the Missouri Supreme Court stated that comparative fault was to apply in those cases where the trial began after publication of the *Gustafson* opinion in the advance sheets of the Southwestern Reporter. *Gustafson, supra,* at 15.