**Ted CHRISTIE, Respondent,**

v.

**Gordon RUFFIN d/b/a Ruffin Auto Care, Appellant.**

**No. 59982.**

Missouri Court of Appeals, Eastern District, Division One.

Feb. 25, 1992.

Robert J. Thomas, Jr., St. Louis, for appellant.

Robert Glenn Costantinou, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

In this personal injury action, appellant, Gordon Ruffin d/b/a Ruffin Auto Care, appeals from a bench trial judgment in the Circuit Court of the City of St. Louis in favor of respondent, Ted Christie. We affirm.

At approximately 8:00 a.m. on the morning of August 5, 1989, respondent reported to work at appellant's automotive repair shop at 5634 Martin Luther King Drive in the City of St. Louis. Soon after arriving at work, Gene Ruffin, the uncle of appellant and an employee of the repair shop, asked respondent to open the large overhead sliding door at the rear of the shop so cars could be moved in and out of the building. As respondent was attempting to open the door, the door fell off its hinges and hit both of respondent's legs. One of respondent's legs "snapped" requiring a full-length cast. Respondent also required treatment for various cuts, bruises and abrasions on his chest, head and legs. Respondent testified that he was in a leg cast for three months and was on crutches for approximately six months.

On March 9, 1990, respondent filed suit in the Circuit Court of the City of St. Louis alleging various acts of negligence on the part of appellant. A trial on the petition commenced on January 24, 1991. During the trial, respondent testified regarding the accident. Gene Ruffin and appellant also testified as part of respondent's case, but denied any accident ever occurred. Appellant put on no case of his own. On February 13, 1991, the trial court entered its verdict for respondent, expressly finding appellant's evidence to be "not credible" and awarding respondent $15,000.00. This appeal followed.

On appeal, appellant's sole contention is that the trial court erred in overruling appellant's motion to dismiss at the close of respondent's case because there was insufficient evidence that respondent was injured as a result of negligence of appellant.

The trial court decided this case under the doctrine of res ipsa loquitur. This doctrine permits the fact finder to infer negligence without proof of specific

negligent conduct on the part of defendant where (1) the incident resulting in injury is of the kind which ordinarily does not occur without someone's negligence; (2) the incident is caused by an instrumentality under the control of the defendant; and (3) the defendant has superior knowledge or means of information as to the cause of the incident. *Littlefield v. Laughlin*, 327 S.W.2d 863, 865 (Mo.1959); *Mahan v. Missouri Pacific R. Co.*, 760 S.W.2d 510, 513 (Mo.App., E.D.1988).

■ There can be little doubt that the first element has been shown in this case. "Falling objects have been fertile ground for the application of res ipsa loquitur ever since a barrel of flour rolled out of a warehouse and fell on a passing pedestrian in *Byrne v. Boadle*, 2 H. & C. 722; 159 Eng. Rep. 299 (1863)." *City of Kennett v. Akers*, 564 S.W.2d 41, 45 (Mo. banc 1978). In Missouri, for the doctrine of res ipsa loquitur to apply, the event must be an unusual occurrence which ordinarily results from negligence and from which, therefore, negligence is a reasonable inference. *Id.* Whether or not a given occurrence may be termed "unusual" for res ipsa purposes is a judicial decision arrived at by judges applying their common experience in life to the event giving rise to the suit in deciding whether the criteria for res ipsa are satisfied. *Id.* There can be little doubt that a garage door, falling off its track and down to the ground, is an event that normally does not occur.

Nor does appellant contend that he did not have control over the garage door before and after its fall. Instead, appellant's brief seems to assert that there was no evidence he possessed superior knowledge or means of information as to the cause of the action. We find this contention to be without merit.

There can be no doubt that appellant had full control of the door at all times. It was his duty to maintain and inspect it. "[H]ence it follows that he had superior knowledge or means of knowledge as to its condition." *Golian v. Stanley*, 334 S.W.2d 88, 93 (Mo.1960). In addition, we note appellant had sole control over the door after the accident and had full opportunity to examine it and determine what had oc-

curred. On the other hand, respondent had no right of control over the door. It was not part of his job to maintain or inspect it. We find the evidence sufficient to support the conclusion that appellant had superior knowledge or means of information as to the cause of the occurrence.

■ Appellant also appears to argue that because this is an employer/employee situation, respondent had to prove that appellant failed to follow a common practice or usage of similar occupations with respect to the garage door. Appellant's argument would seem to require proof of specific negligence in a case which, by law, depends on the lack of evidence of specific negligence. *Bonnot v. City of Jefferson City*, 791 S.W.2d 766, 770 (Mo.App., W.D. 1990). As noted above, res ipsa loquitur is used to infer negligence without direct evidence of negligence. We will not graft a requirement onto the doctrine of res ipsa loquitur that allows a party to circumvent its purpose.

The verdict of the trial court is affirmed.

REINHARD, P.J., and CRANE, J., concur.