Gary BOND, et al., d/b/a All Star
Amusement Co., Appellants,

v.

CALIFORNIA COMPENSATION AND
FIRE COMPANY, Respondent,

v.

INDUSTRIAL SALVAGE & WRECKING
CO., INC., Respondent.

No. WD 53653.

Missouri Court of Appeals,
Western District.

Feb. 10, 1998.

Kenneth C. Hensley, Raymore, for Appellants.

Mark E. Johnson, Kansas City, for Respondent California Compensation & Fire Co.,

John M. Waldeck, Kansas City, for Respondent Industrial Salvage & Wrecking Co.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Gary Bond and Linda Bond, d/b/a All Star Amusement Co., appeal from the circuit court's judgment directing a verdict against them on their negligence claim for damages against California Compensation and Fire Company (Cal–Comp).

The appellants advance two points on appeal. In Point I, they claim that the trial court erroneously declared and applied the law in granting Cal–Comp's motion for a directed verdict because they made a submissible case of negligence in that, contrary to the trial court's belief, they were not required to present expert testimony on the issue of whether Cal–Comp's agent, Industrial Salvage and Wrecking Co. (Industrial Salvage), was negligent in using a trac-type bulldozer, instead of a tire-type bulldozer, to remove debris from the concrete floor of their building. In Point II, the appellants claim that the trial court erred in granting Cal–Comp's motion for directed verdict because, even if they did not make a submissible case of specific negligence, they made a submissible case under the theory of *res ipsa loquitur*.

We affirm.

### Facts

In late 1988, the appellants purchased the building at 1818 Independence Avenue, Kansas City, Missouri, for $200,000 and made approximately $50,000 in improvements by way of remodeling and upgrading. The appellants purchased from Cal–Comp $200,000 of insurance for the building.

On Saturday, January 21, 1989, the building owned by the appellants was destroyed by fire. The roof of the building collapsed, sending steel beams, air conditioning units and other heavy debris onto the floor of the building. After the fire, the floor was covered with steel and charred rubble. Mr. Bond inspected the premises on the Sunday after the fire and reported his claim to Cal–Comp on Monday morning.

Cal–Comp asked Mr. Bond to contact several contractors to bid on the removal of the fire debris from the property. Given his choice of which contractor to hire, Mr. Bond chose Industrial Salvage because he knew the owner, Mr. Charles Cacioppo, Sr. On February 16, 1989, Mr. Bond signed a contract with Industrial Salvage for debris removal from the building.

Steve Sobolik, the adjuster handling the appellants' claim for Cal–Comp, his supervisor, and Mr. Bond were present the day the debris was removed. Industrial Salvage used a "trac-type" bulldozer at the site to remove the debris. As the bulldozer proceeded to move around the premises, Mr. Bond noticed cracks in the cement floor and brought this to the attention of Mr. Sobolik. Mr. Sobolik did not take any action after Mr. Bond's comment. After the debris' removal and the cause and origin investigation were completed, Cal–Comp paid him the $200,000 as required by his insurance policy. It also paid Mr. Bond $10,036 to cover the cost of the debris removal, which Mr. Bond paid to Industrial Salvage.

On April 18, 1996, the appellants filed a petition for damages against Cal–Comp alleging that "as a direct and proximate result of the use of the trac-type bulldozer or loader at the premises at 1818 Independence Avenue the concrete floor of the building at 1818 Independence Avenue was damaged and broken up and in some places destroyed by the trac-type bulldozer being used by Industrial Wrecking Company at the direction of the Defendant, California Compensation and Fire Company." This was the appellants' sole allegation of negligence. Cal–Comp denied that it was negligent as alleged by the appellants and denied that Industrial Salvage acted as its agent. Cal–Comp then filed a third-party petition against Industrial Salvage for contribution and/or indemnity with respect to the appellants' claim against it.

A jury trial was commenced on appellants' petition on November 5, 1996, in the Circuit Court of Jackson County, Missouri, before the Honorable Edith L. Messina. The defendants moved *in limine* to exclude any evidence beyond the scope of the appellants' pleadings, which was granted. During the

appellants' case, the only evidence regarding the type of equipment used by Industrial Salvage to remove the debris came from Mr. Bond. He testified the concrete floor was not damaged until after the trac-type bulldozer had removed the debris from it.

At the close of the appellants' evidence, Cal–Comp and Industrial Salvage moved for directed verdicts. The trial court granted Cal–Comp's motion for directed verdict as to the appellants' claim against it, ruling that they had failed to present sufficient evidence from which a reasonable jury could find that Cal–Comp was negligent as alleged or that its alleged negligence was the cause of their damages. And, because Cal–Comp's claim against Industrial Salvage was predicated on the appellants' claim against Cal–Comp being successful, Industrial Salvage's motion for directed verdict was also granted. On November 8, 1995, the trial court entered judgment in favor of Cal–Comp on appellants' claim against it and in favor of Industrial Salvage on Cal–Comp's third-party claim against it. Neither the appellants nor Cal–Comp filed a motion for new trial.

This appeal follows.

### Standard of Review

▮ Rule 78.07 requires that where a directed verdict is granted in a jury-tried case, any contention that the verdict was erroneously directed must be raised in a motion for a new trial to be preserved for appellate review. *R.E. Denton, Inc. v. Spelman Memorial Hosp.*, 784 S.W.2d 810, 813 (Mo.App.1990); *Brouk v. Brueggeate*, 849 S.W.2d 699, 702 (Mo.App.1993). Because the record here reflects that the appellants did not file a motion for new trial, their claim that the trial court erred in directing a verdict against them was not preserved for appeal. However, Rule 84.13(c) provides that

[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

Thus, we review here for plain error only.

▮ In reviewing the grant of a motion for directed verdict, we review to determine

if the plaintiffs made a submissible case. *Rustici v. Weidemeyer,* 673 S.W.2d 762, 765 (Mo. banc 1984). In determining whether a submissible case is made, we view the evidence and all reasonable inferences therefrom in the light most favorable to the claimant's case and disregard all evidence to the contrary. *Mathis v. Jones Store Co.,* 952 S.W.2d 360, 365 (Mo.App.1997). Each and every element essential to establish the liability of a defendant must be supported by substantial evidence. *Id.* at 366. In this regard, substantial evidence is competent evidence from which a trier of fact can reasonably decide the case. *Id.* " 'Liability cannot rest upon guesswork, conjecture, or speculation beyond inferences that can reasonably decide the case.' " *Id.* (quoting *Garrett v. Overland Garage & Parts, Inc.,* 882 S.W.2d 188, 191 (Mo.App.1994)). And, if one or more of the elements of a cause of action are not supported by substantial evidence, a directed verdict is proper. *Id.* However, a directed verdict is a drastic action and should only be granted if reasonable persons could not differ as to the outcome of the case. *Gamble v. Bost,* 901 S.W.2d 182, 185 (Mo. App.1995). If a claimant makes a submissible case on any theory pled, it would be plain error affecting substantial rights resulting in a manifest injustice or a miscarriage of justice for the court to direct a verdict against him or her. *R.E. Denton, Inc.,* 784 S.W.2d at 813; *Meyer v. Thornhill,* 879 S.W.2d 786, 787 (Mo.App.1994).

### Parties on Appeal

■ Although the appellants filed their notice of appeal only as to the trial court's grant of the directed verdict as to their claim against Cal–Comp, in their brief, they charge in both of their "Points Relied On" that the trial court erred in granting a directed verdict, not only as to their claim against Cal–Comp, but also as to Cal–Comp's claim against Industrial Salvage. This they cannot do.

■ Section 512.020 RSMo 1994 states, in pertinent part:

[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibit-

ed by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from ... any final judgment in the case....

In other words, a party not aggrieved by a judgment has no right or standing on appeal to appeal. *In re Marriage of Kinnick,* 621 S.W.2d 104, 105 (Mo.App.1981) (citations omitted). Here, even though Cal–Comp's third-party claim against Industrial Salvage was contingent upon the success of the appellants' claim against Cal–Comp, logically and legally the appellants were only aggrieved as to the directed verdict granted as to their claim against Cal–Comp and not as to the directed verdict in favor of Industrial Salvage. Thus, the appellants have no standing on appeal to challenge the directed verdict in favor of Industrial Salvage on Cal–Comp's claim against it. As such, our review is limited to the trial court's grant of a directed verdict on appellants' claim against Cal–Comp.

### I.

In Point I, the appellants claim that the trial court erred in granting Cal–Comp's motion for a directed verdict in that they made a submissible case of negligence. Specifically, they contend that the trial court erroneously declared and applied the law in sustaining Cal–Comp's motion in that it relied on an erroneous belief that they were required to introduce expert testimony to establish that Cal–Comp's agent, Industrial Salvage, was negligent in its use of a "trac-type" bulldozer instead of a "tire-type" bulldozer to remove debris from the appellants' concrete floor. In this respect, appellants alleged in their petition that the use of a trac-type bulldozer to remove the debris, rather than a tire-type, directly and proximately caused the complained-of damage to the concrete floor of their building.

Although the appellants assert in their brief that it was their failure to present expert testimony on Cal–Comp's alleged negligence that resulted in the directed verdict against them, we find nothing in the record to suggest that the trial court granted the directed verdict against them on that basis.

What the record reflects is that the trial court granted its directed verdict against the appellants on their claim based on its finding that there was insufficient evidence to make a submissible case of negligence as to: (1) the breach of any duty owed by Cal–Comp to the appellants; and, (2) the causation between Cal–Comp's alleged negligent act and appellants' claimed injury. Thus, the issue on this appeal is not whether expert testimony was necessary for the appellants to make a submissible case of negligence, as the appellants contend in their brief, but simply whether they made a submissible case of negligence on any evidence from any source, expert or otherwise.

 In order to make a submissible case of negligence, the plaintiff must prove: '(1) the existence of a duty on the part of the defendant to protect the plaintiff from injury, (2) the failure of the defendant to perform that duty, and (3) an injury to the plaintiff directly and proximately resulting from defendant's failure to perform the duty owed to plaintiff.'

*Nelson v. City of Chester, Ill.*, 733 S.W.2d 28, 30 (Mo.App.1987) (citing *Einhaus v. O. Ames Co.*, 547 S.W.2d 821, 824 (Mo.App.1976)). If one or more of the elements for negligence are not supported by substantial evidence, a directed verdict is proper. *Mathis*, 952 S.W.2d at 366. As stated, *supra*, in directing the verdict in favor of Cal–Comp, the trial court stated that there was insufficient evidence as to the elements of duty and causation. Thus, the issue for us to determine is whether the appellants, in light of their specification of Cal–Comp's negligence in their claim against it, made a submissible case as to the elements of duty and causation. We will first examine whether the appellants made a submissible case as to the element of causation.

 In order to prove a causal connection between an alleged negligent act and an injury requires the plaintiff to show two things: (1) causation in fact and (2) proximate cause. *Koerber v. Alendo Bldg. Co.*, 846 S.W.2d 729, 730 (Mo.App.1992) (citing *Branstetter v. Gerdeman*, 364 Mo. 1230, 274 S.W.2d 240, 245 (1955); W. Page Keeton *et al.*, Prosser and Keeton on Torts § 41 (5th

ed.1984); 57A Am.Jur.2d *Negligence* § 454 (1989)). The test for causation in fact is the "but for" test. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 860–61 (Mo. banc 1993) (citations omitted). The "but for" test for causation provides that " 'the defendant's conduct is a cause' of the event if the event would not have occurred 'but for' that conduct." *Id.* The but for test for causation applies to all cases, except those involving two independent torts, each of which is sufficient by itself to cause the injury. *Id.* at 862–63. "Evidence of causation must be based on probative facts not on mere speculation or conjecture ..." *Kircher v. Purina Mills, Inc.*, 775 S.W.2d 115, 117 (Mo. banc 1989) (citations omitted). The burden of establishing causation can be met by circumstantial evidence. *Roth v. Atchison, Topeka and Santa Fe Ry. Co.*, 912 S.W.2d 583, 589 (Mo.App.1995).

 In their petition, the appellants alleged that Cal–Comp acted negligently because Industrial Salvage, its agent, directly and proximately caused the damage to appellants' concrete floor by using "a trac-type bulldozer rather than a tire-type bulldozer." The appellants are bound on appeal by this theory of recovery. *Faust v. Ryder Commercial Leasing and Services*, 954 S.W.2d 383 (Mo.App.1997) (citing *Johnson v. Rival Mfg. Co.*, 813 S.W.2d 78 (Mo.App.1991); *Thurmon v. Ludy*, 914 S.W.2d 32 (Mo.App. 1995)). Thus, to establish causation based on their pleaded theory of recovery, the appellants were required to present at trial substantial evidence from which a reasonable jury could conclude that the complained-of damage to their concrete floor resulted from Cal–Comp's use of trac-type bulldozer, rather than a tire-type bulldozer. In this respect, appellants do not point us to any evidence in the record from which a reasonable jury could have determined this fact, without engaging in pure speculation. Instead, as previously pointed out, the appellants unnecessarily focused in their brief on whether it was necessary for them to present expert testimony on the issue of Cal–Comp's negligence in order to make a submissible case against it.

From our review of the record, the only evidence which the appellants presented in their attempt to show that Cal–Comp was negligent in the type of bulldozer its alleged agent, Industrial Salvage, used was that their concrete floor was not damaged until after the trac-type bulldozer removed the debris from it. From such evidence, a reasonable jury could not infer that "but for" the use of a trac-type bulldozer, instead of a tire-type bulldozer, the appellants' property would not have been damaged as complained of by them. " 'An inference is a logical *a priori* conclusion drawn by reason from proven or admitted facts. It is more than, and cannot be predicated on, mere surmise or conjecture. It is not a possibility that a thing could have happened or an idea founded on the probability that a thing may have occurred. *Smith v. Seven–Eleven, Inc.*, 430 S.W.2d 764, 769 (Mo.App.1968)' " *Jones v. Teachers Ins. and Annuity Ass'n*, 934 S.W.2d 307, 311 (Mo.App.1996) (citing *Allison v. Sverdrup & Parcel and Assoc.*, 738 S.W.2d 440, 456 (Mo. App.1987)). To infer from the evidence here that the use of a tire-type bulldozer would not have caused the same damage of which appellants complained would require pure speculation and conjecture. Thus, we find no substantial evidence in the record from which a reasonable jury could infer that the use of a trac-type bulldozer, as opposed to a tire-type bulldozer, was the "cause in fact" of the complained-of damage to appellants' concrete floor.

Although we are mindful that the question of causation is usually a question for the jury to decide, " 'under clear and compelling circumstances, the question becomes one of law for the court.' " *Koerber*, 846 S.W.2d at 731 (citations omitted). We find such circumstances exist here. Because there was no substantial evidence from which a reasonable jury could find that "but for" the use of a trac-type bulldozer, rather than a tire-type bulldozer, there would not have been the complained-of damage to the appellants' property, they failed to show a cause-in-fact connection between Cal–Comp's alleged negligence and appellants' injury. And, without a showing of actual causation, they did not make a submissible case of negligence against Cal–Comp. *Nelson*, 733 S.W.2d at 30. Thus, the trial court did not err in granting a directed verdict against the appellants on their claim for negligence against Cal–Comp. *Mathis*, 952 S.W.2d at 366.

Point denied.

## II.

In Point II, the appellants claim that the trial court erred in granting Cal–Comp's motion for a directed verdict, because, even if they did not make a submissible case of negligence against Cal–Comp as alleged in their petition, from the evidence presented, they did make a submissible case on the theory of *res ipsa loquitur*. In this respect, appellants do not argue that they pled *res ipsa loquitur*, but that the trial court should have allowed an amendment to their pleadings by conforming them to the evidence and then the submission of their case to the jury on that theory. Cal–Comp claims that the trial court did not err in granting its motion for a directed verdict because the appellants failed to plead *res ipsa loquitur*, and therefore, waived that theory of recovery; and, further, that they were prohibited from amending their pleadings to conform to the evidence presented and to submit their claim to the jury on a theory of *res ipsa loquitur*. And, further, that even if appellants' pleadings could be amended so as to submit their claim on the theory of *res ipsa loquitur*, they still failed to make a submissible case under that theory.

The doctrine of *res ipsa loquitur* permits the fact finder to infer negligence without proof of specific negligent conduct on the part of the defendant where: '(1) the incident resulted in an injury of the kind which ordinarily does not occur without someone's negligence; (2) the incident is caused by an instrumentality under the control of the defendant; and (3) the defendant has superior knowledge or means of information as to the cause of the incident.'

*Hale v. Am. Family Mut. Ins. Co.*, 927 S.W.2d 522, 525 (Mo.App.1996) (citing *Christie v. Ruffin*, 824 S.W.2d 534, 536 (Mo.App. 1992)). The theory of "[r]es ipsa loquitur* is

 

incompatible with proof of specific negligence." *Hale*, 927 S.W.2d at 525 (citing *Bonnot v. City of Jefferson City*, 791 S.W.2d 766, 769 (Mo.App.1990)). *Res ipsa loquitur* only aids a

> party who does not know and therefore cannot plead or adduce proof showing the specific cause of or how the event which resulted in his injury occurred, but if he knows how it came to happen, and just what caused it, and either specifically pleads or proves the cause, there is neither room nor necessity for the presumption or inference which the rule affords.

*Id.*

■■■ On appeal, a party is bound by the theory relied on at trial and cannot raise a theory for the first time on appeal. *Boshers v. Humane Soc'y of Mo.*, 929 S.W.2d 250, 254 (Mo.App.1996) (citations omitted). Here, appellants readily admit that they never pled the theory of *res ipsa loquitur* as a basis for recovery. As such, they are not permitted to now assert it on appeal. *Id.* Regardless, appellants contend that, even though they did not plead the theory of *res ipsa loquitur*, they presented evidence which would establish negligence on this theory, and as such, the trial court should have allowed the amendment of their pleadings to submit their claim on such theory.

The amendment of pleadings to conform to the evidence is governed by Rule 55.33(b). It provides, in pertinent part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to

satisfy the court that the admission of such evidence would cause prejudice in maintaining the action....

Obviously, here, there was no express consent of the parties to allow the amendment of the appellants' pleadings to allow submission of their claim under a theory of *res ipsa loquitur*. Thus, the only way appellants' pleadings could have been amended, as they suggest, is by implied consent.

■■■ "The implied consent rule applies only where the evidence presented bears solely upon the unpleaded issue and not upon issues already in the case." *Edna Enterprises, Inc. v. Spirco Environmental, Inc.*, 853 S.W.2d 388, 392 (Mo.App.1993) (citing *Assoc. Eng'g Co. v. Webbe*, 795 S.W.2d 606, 610 (Mo.App.1990)). Here, the evidence which arguably would aid the appellants in making a case of negligence on a theory of *res ipsa loquitur*, also related to the theory of specific negligence as pled by them in their petition. As such, there was no implied consent to try the case on a theory of *res ipsa loquitur*. *Id.* Because there was no express or implied consent to amend the appellants' pleadings pursuant to Rule 55.33, the trial court did not err in not allowing the appellants to submit their claim against Cal–Comp to the jury on a theory of *res ipsa loquitur*.

Point denied.

### Conclusion

The circuit court's judgment granting a directed verdict to Cal–Comp on appellants' claim against it is affirmed.

All concur.