Goldie **MONTEER**, Appellant,

v.

**PROSPECTORS LOUNGE, INC.,** Respondent.

No. WD 44455.

Missouri Court of Appeals, Western District.

Jan. 14, 1992.

Michael W. Walker, Kansas City, for appellant.

David R. Buchanan, Kansas City, for respondent.

Before LOWENSTEIN, C.J., and KENNEDY and SPINDEN, JJ.

SPINDEN, Judge.

Goldie Monteer's husband, Marion Junior Monteer, was killed on September 26, 1987, in the aftermath of a bar fight at Prospectors Lounge. Goldie Monteer sued the bar on the theory that because its employee did not call police when a fight broke out, it violated a city ordinance and should be deemed negligent per se. She appeals the trial court's refusal to so instruct and its refusal to permit a police training officer's testimony about how police officers are instructed to handle bar fights. We affirm.

The jury heard evidence that Goldie and Junior Monteer had been at Prospectors Lounge for about nine hours when five or six men, including Fred Heitman, began brawling. Junior Monteer intervened and assisted the bartender in breaking up the brawl. The bartender, and only employee on duty at the time, testified that she threatened to call the police, but Monteer asked her not to because he and the fighters were close friends. An unidentified male did dial 911 at 9:47 P.M. and reported the fight, but hung up without giving complete details.[1]

An officer receiving the call to 911 telephoned the bar. The bartender answered and told the officer that police help was not needed because the fighting had ceased. None of the other witnesses were aware of the call from the police and could not corroborate that the hostilities had indeed ceased.

The record is confusing as to whether Heitman left the bar and returned a second time, but in either case he threatened to kill Monteer for interfering with the fight.

---

1. Both parties attribute this call to Junior Monteer and cite the bartender's testimony. She stated, however, that she only *believed* that Monteer made the call. Monteer's making the call is seemingly inconsistent with the bartender's testimony that Monteer asked her not to call police. Police records indicate only that the caller was male.

The bartender said that she was unaware of this threat. Everyone agreed that Monteer appeared unfazed by the threat and returned to drinking and visiting with his wife and a friend. No one, including Goldie Monteer, took Heitman's threat seriously. A few minutes later, Monteer told his wife to order more beer while he went outside, either to check on his car or to get some cigarettes. After Monteer was gone longer than Goldie believed was appropriate, she went outside to see about him. She found him lying on the ground unconscious; his throat had been slashed. An ambulance was summoned to the bar at 10:02 P.M.

> The trial court instructed the jury:
>
> Your verdict must be for [Goldie Monteer] if you believe:
>
> First, [Prospectors Lounge] allowed in or upon the premises a disturbance or disorderliness, on September 26, 1987; and,
>
> Second, [Prospectors Lounge] was thereby negligent, and,
>
> Third, as a direct result of such negligence, Marion Junior Monteer died.

The trial court refused Goldie Monteer's request that the second element, that Prospectors Lounge negligently allowed the fight, be eliminated from the verdict director. She argued that if the jury found the first element to be true, it would have constituted a determination that the bar violated § 4.68(k)(1) of Kansas City, Missouri, Ordinance No. 59311 which provides, "No retail licensee, employee, agent or servant of such licensee shall allow in or upon the licensed premises any ... [d]isturbances, disorderliness, lewdness, immoral activities, brawls[.]" Violation of the ordinance, she asserts, constituted negligence per se.

■ Negligence per se is negligence as a matter of law: The legislature pronounces in statute what the conduct of a reasonable person must be, whether or not the common law would require similar con-

duct. This court stated, in *Sirna v. APC Building Corporation*, 730 S.W.2d 561, 566 (Mo.App.1987), that "violation of a statute or ordinance is negligence per se, provided that the violation was the proximate cause of the injury." The Supreme Court of Missouri synthesized numerous cases involving claims of negligence per se against liquor licensees in *Moore v. Riley*, 487 S.W.2d 555, 558 (Mo.1972):

> In recognizing that [violation of liquor control laws] may be the basis of liability, the requirement has been laid down that the person injured must be one of the class for whose benefit an ordinance was adopted to protect persons or property, conserve public health or promote public safety.

Facts showing justification or excuse for the violation can rebut a claim of negligence per se. *Schlegel v. Knoll*, 427 S.W.2d 480 (Mo.1968). We concur with the conclusion of the U.S. Court of Appeals, D.C. Circuit, that the doctrine must be applied cautiously. *Peigh v. Baltimore & Ohio Railway Company*, 204 F.2d 391 (1953). We conclude that Goldie Monteer failed to make a record sufficient to support her theory.

■ Goldie Monteer argues that the bartender violated the ordinance by failing to call police. The ordinance does not require that a licensee call the police;[2] it requires that the licensee not "allow" a disturbance, disorderliness or brawls. "Allow" is equivalent to "saying that it might have been prevented by plaintiffs but was not." *Connell v. Whiteley*, 779 S.W.2d 781, 783 (Mo.App.1989). "It is equivalent in meaning to 'acquiesce' and always implies knowledge or consent." *Old Fortress, Inc. v. Myers*, 453 S.W.2d 692, 695 (Mo.App.1970). Whether it was the bartender's threat of calling the police or Monteer's intervention—or both—which stopped the fight, the record is clear—even Goldie Monteer agrees—that the bartender

---

**2.** Contrast the ordinance's requirements to the Missouri Division of Liquor Control's regulation 11 CSR 70–2.130(13)(B): "In the event that a licensee or his/her employee knows or should have known, that an illegal or violent act has been committed on or about the licensed premises, they shall immediately report the occurrence to law enforcement authorities[.]" Goldie Monteer did not plead violation of the regulation.

was actively involved in trying to end the fracas. We find no evidence that the bartender stood idly by and acquiesced in the fight's continuation. Goldie Monteer did not make a submissible case that Prospectors Lounge violated the ordinance. The trial court properly refused her negligence per se instruction.

■ Goldie Monteer also complains that the trial court would not permit her to offer evidence of how Kansas City, Missouri, police officers are trained to handle bar fights. The trial court sustained Prospectors Lounge's relevancy objection. Goldie Monteer responded to the court's ruling: "Thank you, Your Honor. I have no further questions of this witness." Her counsel made no offer of what the officer would have stated if permitted to testify.

"A trial court has considerable discretion in the exclusion of evidence; unless there was an abuse of that discretion its action will not be grounds for reversal." *Karashin v. Haggard Hauling & Rigging, Inc.*, 653 S.W.2d 203, 205 (Mo. banc 1983). The court further instructed that an offer of proof "must be specific, and must be definite.... In order to present and preserve an offer of proof the questions must be propounded to a witness who is present and has taken the stand." *Id.*

The closest that Goldie Monteer came to an offer of proof was during argument of the objection when her counsel told the court, "I am just trying to tell the ladies and gentlemen of the jury what the police officers do when responding to a fight in a bar so that they would know what they would have done had that 911 call[3] been completed." This was insufficient to preserve the point.

For these reasons, we conclude that the trial court's judgment in favor of Prospectors Lounge should be affirmed.

All concur.

---

**3.** The transcript reported him to have said "called."