**CABINET DISTRIBUTORS, INC.,**
**Plaintiff/Appellant,**

v.

**Timothy J. REDMOND and Jack Jasper Mercurio, d/b/a Litzsinger Properties, Defendants/Respondents.**

**CABINET DISTRIBUTORS, INC.,**
**Plaintiff/Respondent,**

v.

**Timothy J. REDMOND and Jack Jasper Mercurio, d/b/a Litzsinger Properties, Defendants/Appellants.**

Nos. 72228, 72291.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 17, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 20, 1998.

Application for Transfer Denied
May 26, 1998.

Fredrick W. Shultz, McGowen & Shultz, Clayton, for Cabinet Distributors, Inc.

Thomas C. Simon, Padberg, McSweeney, Slater & Merz, R.C. Wuestling, Wuestling & James, Theresa A. Appelbaum, St. Louis, for Timothy J. Redmond and Jack Jasper Mercurio, d/b/a Litzsinger Properties.

CRANE, Presiding Judge.

Plaintiff lessee filed an action against defendant lessors to recover damages on its claim that defendants fraudulently or negligently misrepresented that there had never been water in the building on the leased real estate. Plaintiff alternatively sought rescission of the lease based on the false represen-

tation. The trial court entered a directed verdict against plaintiff on its misrepresentation claims and dismissed its rescission claim. Plaintiff appeals. We hold that plaintiff made a submissible case on both fraudulent and negligent misrepresentation, and that the trial court therefore erred in directing a verdict on the misrepresentation counts. We also hold the trial court erred in dismissing the rescission count. We accordingly reverse and remand.

Plaintiff Cabinet Distributors, Inc. is engaged in the business of designing and selling cabinets. In order to expand its facilities, plaintiff's president, Wayne Stotler, looked at several sites in early 1993, including property at 8037 Litzsinger Road in St. Louis County owned by defendants Timothy J. Redmond and Jack Jasper Mercurio, d/b/a Litzsinger Properties.

Stotler visited the Litzsinger property several times and met with Mercurio. Stotler informed Mercurio that plaintiff was in the cabinet making business and would be showing products and displays to customers at the selected site. During one visit to the property, Stotler noticed that sewer lids at the back of the building were sealed and bolted down. This observation prompted Stotler to inquire whether there had ever been water in the building, to which Mercurio responded, "No." At a second meeting with Mercurio, Stotler again asked if there had ever been water in the building. This time Mercurio responded that, to his knowledge, there had never been water in the building. The building had in fact flooded in 1992, and two witnesses testified that they saw Mercurio in the building while it was being cleaned up from the flood. When Mercurio was in the building after the 1992 flood, there was evidence of water inside as well as mud lines on the walls, showing how far up the water had come. However, at the time Stotler was considering the building, it appeared to be in excellent shape and was clean and freshly painted. During visits to the property, Stotler did not notice a creek located approximately 50–100 yards to the west of the property. The creek was not visible from the building. Stotler denied that Mercurio ever told him that the property lay in a flood plain.

On March 23, 1993 plaintiff leased the Litzsinger property from defendants for a period of three years. After plaintiff took possession of the property, but before it made any improvements thereon, Stotler contacted an insurance agent regarding insurance, including flood insurance, for the Litzsinger property. Thereafter, plaintiff improved the property, including building a cabinet display area, installing new carpet, making office improvements, and constructing a receptionist area equipped, among other things, with a computer, fax, and radio. Plaintiff also moved its displays and inventory from its previous facility to the Litzsinger building. After the move, plaintiff operated its business solely from the Litzsinger building.

On August 11, 1993 the Litzsinger property flooded. As a result of the flood, plaintiff lost its displays, inventory, improvements, and office equipment and was unable to conduct business. After the August flood plaintiff discovered that it did not have flood insurance for the property. Plaintiff did obtain flood insurance after the August flood. While cleaning up from the flood and redrywalling the walls, Stotler discovered multiple layers of drywall along the back wall and rusting conduit which caused him to believe there had been previous flooding. On September 23, 1993 the Litzsinger property flooded again. Plaintiff's insurance covered the damage sustained in the September flood. Soon thereafter, plaintiff vacated the building and returned the keys to defendants.

On March 25, 1994 plaintiff filed suit against defendants. In its second amended petition, plaintiff sought damages on alternate theories of fraudulent and negligent misrepresentation and alternatively sought rescission of the lease. Defendants filed a counterclaim to recover rent due for the unexpired term of the lease. The parties began a jury trial. At the close of the plaintiff's case, the trial court directed a verdict in defendants' favor on plaintiff's fraud and negligent misrepresentation counts and dismissed its rescission count. Defendants then put on evidence in support of their counterclaim. The jury returned a verdict

in defendants' favor on the counterclaim, but assessed damages at $0.00. Plaintiff and defendants filed notices of appeal. However, defendants have not briefed the issues raised in their appeal and have thus abandoned it.

## I. *DIRECTED VERDICT*

In its first two points on appeal, plaintiff contends that the trial court erred in directing a verdict on Count I in defendants' favor at the close of its case because it made a submissible case of fraudulent misrepresentation. In particular, plaintiff asserts that it adduced sufficient evidence to establish a reasonable inference that it had a right to rely on the truth of defendants' representations and did in fact rely thereon, and therefore the issues of reliance and right to rely should have been submitted to the jury.

At the close of plaintiff's case, defendants moved for a directed verdict on Count I on the grounds that plaintiff did not rely and did not have a right to rely. The trial court sustained defendants' motion. The court stated that plaintiff's actions in attempting to procure flood insurance before improving the property showed that it did not rely on the representation.

■ On review of a directed verdict granted in a defendant's favor, we view the evidence and reasonable inferences in the light most favorable to the plaintiff and disregard the contrary evidence and inferences. *Friese v. Mallon*, 940 S.W.2d 37, 40 (Mo.App. 1997). We determine whether the plaintiff made a submissible case. *Id.* We will reverse a verdict directed against a plaintiff unless the facts and inferences weigh so strongly against the plaintiff that there is no room for reasonable minds to differ. *Id.; Essex v. Getty Oil Co.*, 661 S.W.2d 544, 550 (Mo.App.1983).

■ A plaintiff must prove nine elements to establish fraud: 1) a representation; 2) its falsity; 3) its materiality; 4) the speaker's knowledge of its falsity or ignorance of the truth; 5) the speaker's intent that it should be acted upon; 6) the representee's ignorance of its falsity; 7) the representee's reliance on its truth; 8) his or her right to rely thereon, and 9) the representee's conse-

quent and proximate injury. *Cantrell v. Superior Loan Corp.*, 603 S.W.2d 627, 634 (Mo. App.1980). Because fraud is rarely susceptible of positive proof, a plaintiff may prove his or her case by circumstantial evidence. *Id.* at 634–35; *Colgan v. Washington Realty Co.*, 879 S.W.2d 686, 690 (Mo.App.1994).

In this case defendants contend that plaintiff did not make a submissible case on the elements of reliance or the right to rely. We disagree. Plaintiff made a submissible case on both of these elements.

■ Defendants argue that plaintiff did not rely on Mercurio's representations because, after entering into the lease, plaintiff attempted to procure flood insurance. Stotler testified at trial that, after he signed the lease on plaintiff's behalf, he contacted an insurance agent and discussed insurance, including flood insurance, for the building. He further testified that, although he thought flood insurance was procured at that time, it was not. Plaintiff did not have flood insurance on its previous buildings. Defendants maintain that plaintiff's action in contacting the insurance agent establishes as a matter of law that plaintiff did not rely on representations that the building had not previously flooded, but rather relied on its insurance coverage. Defendants' contention is not persuasive. Stotler did not inquire about the possibility of flood insurance until *after* plaintiff entered into the lease. Even if plaintiff had contemplated the availability of insurance before leasing the property, a submissible case in fraud does not require a plaintiff to demonstrate that the representation was the sole inducement to act. *Cantrell*, 603 S.W.2d at 636. Rather, a plaintiff need only show that the representation was a material factor in the decision to act. *Id.* The fact that plaintiff attempted to insure against possible future flooding does not mean that, in leasing the property, it did not rely on the representation that the property had never flooded. A party is better off if it suffers no damage, than if it suffers insured damage.

At trial Stotler testified that, because the sewer covers were bolted down, he questioned Mercurio about whether water had ever been in the building and relied on Mer-

curio's representations that it had not. The building was freshly painted and cleaned. No water damage was apparent. The creek was not visible from the building. The previous flood damage was not discovered until plaintiff began cleaning up and repairing after the August flood. The evidence that plaintiff entered into the lease, moved its business to the property, and improved the property also provides substantial evidence of plaintiff's reliance on Mercurio's representation that there had not been water in the building. *See, e.g., Dierker Associates, D.C., P.C. v. Gillis*, 859 S.W.2d 737, 747 (Mo.App. 1993). There was sufficient evidence of reliance to make a submissible case.

■ Plaintiff next argues that it adduced substantial evidence showing a right to rely. At trial plaintiff adduced evidence that 1) Mercurio specifically represented that there had been no previous water in the building; 2) Mercurio had actual knowledge of the 1992 flood; 3) Stotler had no reason to doubt the truth of Mercurio's statements because, at the time the representations were made, the building was in excellent condition; and 4) Stotler did not know about the proximity of the creek.

Defendants challenge this evidence and counter that Mercurio only represented that there had been no water in the building "to the best of his knowledge" and further argue that several factors, including the proximity of the creek and the bolted-down sewer lids within the building, should have alerted plaintiff and precluded plaintiff's right to rely.

■ The modern trend is to require less diligence, rather than more, in persons to whom representations are made and to condemn the falsehood of the person making the representation, rather than the credulity of the victim. *Cantrell*, 603 S.W.2d at 637; *Shechter v. Brewer*, 344 S.W.2d 784, 788 (Mo. App.1961). The opportunity for investigation will not of itself preclude the right to rely. *Tietjens v. General Motors Corp.*, 418 S.W.2d 75, 82 (Mo.1967); *Meyer v. Brown*, 312 S.W.2d 158, 161 (Mo.App.1958).

Defendants' argument establishes only that there was conflicting evidence on plaintiff's right to rely. There was substantial evidence supporting a right to rely. The jury should have been given the opportunity to weigh the conflicting evidence and assess the credibility of the witnesses and determine whether plaintiff established a right to rely on Mercurio's representations. The trial court erred in directing a verdict on Count I at the close of plaintiff's case.

For its third point plaintiff asserts that the directed verdict was error because plaintiff adduced sufficient evidence to submit the question of punitive damages to the jury. Because the trial court directed a verdict, it could not have reached the question of whether the jury should have been instructed on punitive damages. This point is not properly addressed to a trial court error and does not raise an issue for our review.

■ For its fourth point plaintiff contends that the trial court erred in directing a verdict on Count II for negligent misrepresentation on the grounds that a provision in the lease, stating that defendants were not liable for flood damage, precluded plaintiff's claim of negligent misrepresentation. Plaintiff argues that the lease could not have provided a basis for a directed verdict because the lease was never entered into evidence. If the lease is considered, plaintiff alternatively argues that the general rule of merger should not apply to preclude the admission of Mercurio's negligent misrepresentations which were made before the lease was entered into.

■ Defendants moved for a directed verdict on Count II on the grounds that the provisions of the lease removed any liability for negligent misrepresentation. The trial court sustained the motion for directed verdict on Count II because "Count 2 is covered by the contract." The lease had not been entered into evidence at the time the directed verdict was sustained. Defendants argue that the lease was before the court because it was attached to their counterclaim and incorporated by reference therein and plaintiff admitted the contents of the lease in its reply. However, defendants did not introduce the reply or their counterclaim into evidence during plaintiff's case. Unless pleadings are properly introduced at trial,

**314**

admissions in the pleadings are not considered as evidence. *Acetylene Gas Co., v. Oliver*, 939 S.W.2d 404, 409 (Mo.App.1996). *See also Kelsey v. Nathey*, 869 S.W.2d 213, 216–17 (Mo.App.1993). The trial court therefore erred in directing the verdict on the basis of the contents of a document not in evidence.

Even if the lease had been in evidence and the clause had the import argued, it would not have entitled defendants to relief. The rule that prior and contemporaneous oral agreements and representations are merged into the written contract does not apply to fraudulent misrepresentations made for the purpose of inducing a party to enter into a contract. *Lollar v. A.O. Smith Harvestore Prods., Inc.*, 795 S.W.2d 441, 448–49 (Mo.App.1990); *Essex*, 661 S.W.2d at 549. Parol evidence is thus admissible in fraud cases. *Lollar*, 795 S.W.2d at 448–49. *See also Wagner v. Uffman*, 885 S.W.2d 783, 786 (Mo.App.1994).

Plaintiff argues that this same rule should apply in negligent misrepresentation cases. We agree. Although we have not been directed to a Missouri case on this issue, courts in other states have found that the parol evidence rule does not bar admission of allegedly negligent misrepresentations. *See Formento v. Encanto Business Park*, 154 Ariz. 495, 744 P.2d 22, 25–27 (App. 1987) and cases cited therein. The rationale for this rule is: 1) a speaker should not be able to avoid the consequences of a misrepresentation, fraudulent or negligent, by hiding behind an integration clause, and 2) the parol evidence rule is a rule of substantive contract law and inapplicable to negligent misrepresentation which sounds in tort. *Id.* 744 P.2d at 26.

Alternatively, defendants argue, for the first time on appeal, that plaintiff's failure to establish its reliance and right to rely is fatal to its claim of negligent misrepresentation. This argument has no merit because plaintiff made a submissible case on the issues of its reliance and right to rely. The trial court erred in directing a verdict on Count II for negligent misrepresentation.

**II. *DISMISSAL***

In its final point plaintiff argues that the trial court erred in dismissing Count III, its alternate claim for rescission of the lease. A party who is fraudulently induced to enter a contract may affirm the contract and sue for damages or disaffirm the contract and sue in equity for rescission. *Cottonhill Inv. Co. v. Boatmen's Nat'l. Bank of Cape Girardeau*, 887 S.W.2d 742, 744 (Mo. App.1994); *Osterberger v. Hites Constr. Co.*, 599 S.W.2d 221, 227 (Mo.App.1980). Rescission may be based on actual fraud or an innocently made misrepresentation. *Osterberger*, 599 S.W.2d at 227.

The court dismissed the rescission claim for the same reasons it entered a directed verdict on plaintiff's misrepresentation claims. We have found that plaintiff made a submissible case for fraudulent and negligent misrepresentation. The trial court therefore erred in dismissing plaintiff's rescission claim on these grounds.

**CONCLUSION**

Defendants' motion to supplement the legal file is granted. The judgment of the trial court on Counts I, II, and III is reversed and the case is remanded to the trial court.

RHODES RUSSELL and JAMES R. DOWD, JJ., concur.