**Janet KELLY, Appellant,**

v.

**S & K ENTERPRISES, Respondent.**

**Nos. WD 55617, 55646.**

Missouri Court of Appeals, Western District.

June 30, 1999.

**14**

Richard M. Paul, III, Kansas City, for respondent, appellant.

Gail Lammers, Overland Park, for appellant, respondent.

Before: Presiding Judge LAURA DENVIR STITH, Judge LOWENSTEIN and Judge RIEDERER.

LOWENSTEIN, Judge.

This is an appeal from a directed verdict granted in favor of the defendant in a tort action for damages for injuries suffered by the plaintiff in a fall on a slippery parking lot which the defendant maintained for the landowner.

The evidence is reviewed in a light favorable to the plaintiff. *In re Estate of Wilde*, 963 S.W.2d 336, 338 (Mo.App.1997). The appellant, Janet Kelly was a federal employee who worked at a U.S. government complex on Bannister Road in Kansas City. On January 3,1995 at 5:50 in the morning, she was reporting for work, and after parking her car in the designated spot in the designated lot, she slipped and fell on the ice. Kelly and a witness testified there was no sand or salt on the surface of the lot. Kelly had extensive surgery on a broken ankle, including insertion of a plate and eight screws. The evidence showed that respondent S & K, doing business as Midwest Snow Removal (referred to as S & K), the only defendant in the suit, was party to a contract with the General Services Administration (GSA) to provide snow treatment and removal for the complex, and was "responsible for all damages to persons ... that occur as a result of ... negligence in connection with performance of the work."[1] The last snow

---

1. Neither the record, nor oral argument reflects the duty in tort of the defendant to the plaintiff.

was on December 31, 1995. January 2, was a holiday— S & K, at GSA's request was asked to treat the lots with salt and sand. As earlier stated, plaintiff's evidence was that there was no salt or sand in the lot where she fell. S & K's evidence was that on January 2nd, some sixteen hours before the accident, it applied twenty tons of salt and sand to all the lots in the complex, ten of which were applied to the lot in question. The evidence also showed that the temperature from January 1, until the time of the injury, never went above the freezing mark.

The respondent's motion stated that snow and ice removal was pursuant to the contract; GSA accepted the work it had done; the condition of the lot was an open and obvious hazard; and S & K had no notice since the previous afternoon, when it worked on the lot, that an icy patch might have developed.

█ The standard of review is put in question, since Kelly did not file a motion for new trial. S & K points out that under Rule 78.07, when a directed verdict has been entered in a jury-tried case such error must be raised in a motion for new trial to preserve the matter for appellate review. *Brouk v. Brueggeate,* 849 S.W.2d 699, (Mo.App.1993). In *Brouk,* the court directed a verdict after the plaintiff's opening statement and there was no request for a new trial. *Id* at 701–02. The purpose of the rule is to give the trial judge an opportunity to correct trial errors without the delay and expense of an appeal. *Id.* at 702. Therefore, in the case at bar, review is under plain error; i.e., errors affecting substantial rights may be considered where there is a finding that a manifest injustice or miscarriage of justice has resulted. Rule 84.13(c). The practical effect of plain error review of a directed verdict, where the only issue is failure to make a submissible case, is explained in this court's opinion in *Bond v. California Compensation and Fire Co.,* 963 S.W.2d 692, 695—96 (Mo.App.1998). The opinion repeated that review of submissibility in-

quires into each element of the case, and when the evidence and inferences most favorable to the plaintiff are considered, the next step is to determine if there is substantial evidence in the record to establish liability from which the jury can reasonably decide the case. *Id.* at 696. The *Bond* opinion also recognized established law, that a directed verdict is a drastic action and should only be utilized where reasonable persons could not differ on the end result of the case, and "[i]f a claimant makes a submissible case on any theory pled, it would be plain error affecting substantial rights resulting in a manifest injustice or a miscarriage of justice for the court to direct against him or her." *Id.* at 696 (citations omitted). Even though not preserved, the court will review the sole issue, whether Kelly did or did not make a submissible case to take to the jury.

█ When the evidence and inferences favorable to Kelly are matched against the elements the jury would have been presented with these issues: 1) was there snow or ice on the surface where Kelly fell, and 2) using ordinary care would S & K have known there was ice or snow in the lot and in the spot of the fall, 3) did S & K fail to use ordinary care to treat or remove the snow and ice, and 4) did S & K's negligence cause or contribute to the injuries. It appears that these elements were presented with substantial evidence. Further, as prescribed on review of a directed verdict, reasonable jurors could differ in assessing the testimony of the plaintiff and her witness concerning whether there was ice where she fell, whether there was no sand or salt in the area or in the entire lot, and whether Kelly's injuries were attributable to the negligence of S & K. Likewise, it was for the jury to assess the contentions of S & K about: 1) whether they did treat the lot; 2) whether they treated the particular area of the fall; 3) the effect of the time lapse between being called by GSA to treat the lot and the fall; 4) the effect of GSA's acceptance of the job it did the day before; and 5) whether Kelly was

at fault for not being careful under the conditions.

 "Negligence is ordinarily a jury question, and where different conclusions may be supported by the facts, the question of negligence is almost always for the jury." *Meyer v. Thornhill,* 879 S.W.2d 786, 787 (Mo.App.1994) (citation omitted), and because there was sufficient evidence on the elements in this case, the directed verdict was improper. The judgment is reversed and remanded for a new trial.

All concur.