Virginia Ann McNally BURNS, Personal Representative of the Estate of Ralph Arnold Burns, Jr., Plaintiff/Appellant,

and

Olivia Catherine Busken Burns, Plaintiff,

v.

FRONTIER II PROPERTIES LIMITED PARTNERSHIP, Defendant/Respondent,

and

Sarofim Realty Advisors, Inc., Defendant.

No. ED 81311.

Missouri Court of Appeals, Eastern District, Division Two.

April 29, 2003.

Jack F. Allen, St. Louis, MO, for appellant.

Edward S. Meyer, Brian D. Kennedy, Rabbitt, Pitzer & Snodgrass, P.C., St. Louis, MO, for respondent.

KATHIANNE KNAUP CRANE, Judge.

Plaintiff appeals from the judgment entered on a jury verdict in favor of defendant building owner in a slip and fall case. Plaintiff contends that the trial court erred in directing a verdict in defendant's favor at the close of plaintiff's case on his claim that loose yellow caution tape caused his fall and in submitting an improper verdict director on his negligence per se claim. We affirm.

Plaintiff, Ralph Arnold Burns, Jr.,[1] and his wife, Olivia Catherine Busken Burns, filed a lawsuit against a commercial building owner, now known as Frontier II Properties Limited Partnership ("defendant"), and Sarofim Realty Advisors, Inc. ("Sarofim") (jointly, "defendants"). Plaintiff sought damages for personal injuries suffered as a result of a fall down the garage steps while carrying a box. Mrs. Burns sought damages for a loss of consortium, which claim was dismissed because of her subsequent death.

Plaintiff alleged that defendants were negligent in creating or allowing three conditions that led to his fall. The first was that defendants had allowed yellow warning tape tied to the stairway to become loose, and his feet became entangled in it. Next, he alleged that the center of the bottom tread of the stairs was canted three degrees from horizontal and there was a variation in the height of adjacent risers exceeding permissible limits under the Building Officials and Code Administrators ("BOCA") code regulations in effect in Clayton, Missouri. Third, he alleged that the treads of the stairway and platform failed to have a slip-resistant surface required by BOCA.

On January 22, 2002, plaintiff dismissed Sarofim and proceeded to trial against de-

---

1. Virginia Ann McNally Burns, the personal representative of the estate of Ralph Arnold Burns, Jr., is substituted as the appellant in place of plaintiff, Ralph Arnold Burns, Jr., who died on March 1, 2003.

fendant on his first two theories of negligence. The court granted defendant's motion for directed verdict at the close of plaintiff's case on the claim based on the loose yellow tape for two reasons; that there was insufficient evidence to make a submissible case that the tape caused the fall and that there was no evidence that defendant had notice of any defective condition created by tape. However, the court denied defendant's motion with respect to plaintiff's claim of negligence per se based on the failure of the height of the riser between the bottom two steps to comply with BOCA. The trial court submitted this claim to the jury in an invitee instruction that eliminated the element of failure to use ordinary care, but kept the element of notice. The jury returned a verdict in defendant's favor. The trial court denied plaintiff's motion for new trial, and entered judgment in defendant's favor, from which plaintiff now appeals.

■ Under his first point, plaintiff argues that the trial court erred in granting the motion for directed verdict because he adduced sufficient evidence to make a submissible case that the yellow caution tape caused his fall. To establish an owner's premises liability under plaintiff's theory of negligence, an injured invitee must show: (1) a dangerous condition existed on defendant's premises which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) the plaintiff sustained injuries as a result of such condition. *Rycraw v. White Castle Systems, Inc.*, 28 S.W.3d 495, 499 (Mo.App. 2000); *see also Emery v. Wal–Mart Stores*, 976 S.W.2d 439, 443–44 (Mo. banc 1998).

The trial court gave two reasons for granting defendant's motion for directed verdict: that there was insufficient evidence to show that the tape caused plaintiff's fall and that there was no evidence indicating defendant had notice of a defective condition created by the tape. We do not reach the issue of whether the trial court erred in determining that plaintiff failed to make a submissible case on causation because plaintiff did not challenge the trial court's finding that plaintiff failed to make a submissible case on notice, another essential element. Plaintiff's failure to make a submissible case on notice is fatal to plaintiff's premises liability claim. Because plaintiff has not challenged this finding, we must deny this point. *See Kratky v. Musil*, 969 S.W.2d 371, 376–77 (Mo.App. 1998).

■ For his second point plaintiff contends that the trial court submitted an erroneous verdict director on his second theory of negligence, which was a claim of negligence per se. The court gave an instruction based on the elements contained in MAI 22.03 that described the BOCA Code violation in the first element and eliminated the third element (that defendant failed to use ordinary care), but retained the second element that required the jury to find that defendant had actual or constructive notice of the alleged defective condition. Plaintiff argues that the trial court should have given an instruction limited to the elements contained in MAI 17.17, the verdict director for per se negligence arising from an improper vehicle turn.

■ Negligence per se arises when the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct, *Monteer v. Prospectors Lounge, Inc.*, 821 S.W.2d 898, 900 (Mo.App.1992), and the court then adopts the statutory standard of care to define the standard of conduct of reasonable person. RESTATEMENT (SECOND) OF

**4**

TORTS sections 286, 288 (1965). Negligence per se "is a form of ordinary negligence that results from the violation of a statute." 57A AM.JUR. 2d *Negligence* section 727 (1989). "Negligence per se is in effect a presumption that one who has violated a safety statute has violated his legal duty to use due care." *Id.* As a result, the jury is instructed on the statutory standard of care rather than the care of the reasonable person. *See Egenreither v. Carter,* 23 S.W.3d 641, 643–45 (Mo.App. 2000).[2]

When a case based on negligence per se is submitted to the jury, the standard of care is omitted because the statutory violation itself constitutes a breach of the standard of care.

> If an instruction requires the jury to find propositions which, if true, establish that defendant was negligent per se, or as a matter of law, then the instruction is valid without the additional requirement that the propositions, if found, constitute negligence. In such case the law draws the conclusion, for if the jury find them no other result than negligence could be found.

*Calderone v. St. Joseph Light & Power Co.,* 557 S.W.2d 658, 668 (Mo.App.1977).

MAI illustrates such a submission in motor vehicle cases. In the two model instructions based on negligence per se, MAI 17.11 and MAI 17.18, the element "defendant was thereby negligent," which appears in the other motor vehicle instructions based on negligence, is omitted. Although there are no MAI instructions for negligence per se in other kinds of actions, when negligence per se is the basis of liability in those actions, the MAI instruction for that action is still applicable; only the element of negligence, or breach of the standard of care, is removed. *See, e.g., Calderone,* 557 S.W.2d at 667, in which MAI 22.02 was modified to submit negligence per se and retained the element of notice.

The trial court did not err in submitting a verdict director that included the element of notice. Point two is denied.

The judgment of the trial court is affirmed.

PAUL J. SIMON, P.J., and GARY M. GAERTNER, SR., J. concur.

---

**2.** Several underlying questions are not before us. First, plaintiff's theory of negligence per se was not based on a violation of a statute but a violation of an ordinance adopting the BOCA Code. In order for negligence per se to be based on an ordinance, the ordinance must be consistent with common law. *Mediq PRN Life Support Services, Inc. v. Abrams,* 899 S.W.2d 101, 110 (Mo.App.1994). In addition, four requirements must be met to make a submissible claim based on negligence per se. *Business Men's Assur. Co. v. Graham,* 891 S.W.2d 438, 455 (Mo.App.1994). This opinion should not be construed to resolve any of these issues.