Barbara J. STEWARD and Leon Steward, Plaintiffs/Appellants,

v.

BAYWOOD VILLAGES CONDOMINIUM ASSOCIATION, and Top Care Lawn Service, Inc., Defendants/Respondents.

No. ED 82998.

Missouri Court of Appeals, Eastern District, Division Two.

March 23, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 2004.

Application for Transfer Denied June 22, 2004.

2. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Stephen D. Hoyne, Amelung, Wulff & Willenbrock PC, St. Louis, MO, for appellants.

Jon Sanner, Brinker & Doyen, L.L.P., St. Louis, MO, for respondent Baywood Villages Condominium Association.

Pamela M. Triplett, Law Offices of Donald B. Balfour, Chesterfield, MO, for respondent Top Care Lawn Service, Inc.

KATHIANNE KNAUP CRANE, Judge.

Plaintiffs appeal from the judgment entered on a directed verdict in favor of defendant condominium association and defendant snow removal contractor in a slip and fall case. Plaintiffs contend that the trial court erred in directing a verdict in defendants' favor at the close of plaintiffs' case on their claim for damages for a slip and fall on ice on a porch. They assert that they adduced substantial evidence that defendants undertook a duty to clear the porch of ice and snow and to prevent formation of ice and that each defendant negligently performed that duty. We affirm.

Barbara J. Steward, and her husband, Leon Steward, (jointly, "plaintiffs") filed a lawsuit against a condominium association, Baywood Villages Condominium Association ("Baywood Villages"), and its snow removal service, Top Care Lawn Service, Inc. ("Top Care") (jointly, "defendants"). Mrs. Steward sought damages for personal injuries suffered as a result of a fall on the entry porch to one of the condominiums on January 27, 1997. Mr. Steward sought damages for loss of consortium.

Plaintiffs alleged that defendants were negligent in allowing two conditions that led to her fall. The first was that defendants had allowed accumulations of snow and ice at the entry to one of the condominiums. Next, plaintiffs alleged that the rug or mat on the porch was insecure. On April 29, 2003, plaintiffs proceeded to trial against defendants on the theory that Mrs. Steward slipped and fell on ice on the porch. The court granted defendants' motions for directed verdict on the ground that there was no evidence showing a breach of duty and no evidence other than speculation about what caused Mrs. Steward to slip and fall.

For their sole point on appeal, plaintiffs claim that the trial court erred in granting the motions for directed verdict because they adduced sufficient evidence to make a submissible case that each defendant undertook a duty to keep the porch clear of ice and snow and negligently breached that duty, and Mrs. Steward's fall was proximately caused by that negligent breach of duty.[1] Baywood Villages re-

---

1. This point should have been divided into two points because entry of a directed verdict in Baywood Villages' favor on a premises liability claim was different from the directed verdict in Top Care's favor on negligent breach of a contractual duty, and each trial

sponds that the trial court did not err because plaintiffs failed to adduce substantial evidence that Mrs. Steward slipped and fell on ice. Top Care responds that plaintiffs failed to establish any duty on its part, its negligence, or the cause of Mrs. Steward's fall.

## I. *Directed Verdict in Favor of Baywood Villages*

■ We take up the directed verdict with respect to Baywood Villages first. To establish an owner's premises liability under plaintiffs' theory of negligence, an injured invitee must show: (1) a dangerous condition existed on defendant's premises which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) the plaintiff sustained injuries as a result of such condition. *Burns v. Frontier II Properties, Ltd. Part.*, 106 S.W.3d 1, 3 (Mo.App.2000); *see also Emery v. Wal–Mart Stores*, 976 S.W.2d 439, 443–44 (Mo. banc 1998).

■ Thus, to make a submissible case against Baywood Villages, plaintiffs had to show that a dangerous condition caused Mrs. Steward's fall. Plaintiffs argue that there was substantial evidence to establish that snow or ice on the porch caused her fall because 1) Mrs. Steward "testified that she slipped on ice," and 2) the ambulance crew and Dr. Rouse reported that Mrs. Steward slipped on ice.

We review a directed verdict in a defendant's favor to determine if the plaintiff made a submissible case. *Cabinet Distributors Inc. v. Redmond*, 965 S.W.2d 309, 312 (Mo.App.1998). A submissible case is

court action required a different analysis. *See McCormack v. Maplewood–Richmond Heights*,

made when every fact essential to liability is based upon legal and substantial evidence. *Seippel–Cress v. Lackamp*, 23 S.W.3d 660, 666 (Mo.App. W.D.2000). We view the evidence and reasonable inferences in the light most favorable to the plaintiff and disregard any contrary evidence and inferences. *Cabinet Distributors*, 965 S.W.2d at 312. "We will reverse a verdict directed against a plaintiff unless the facts and inferences weigh so strongly against the plaintiff that there is no room for reasonable minds to differ." *Id.*

■ However, in determining whether a plaintiff has made a submissible case, we do not supply missing evidence or give the plaintiff the benefit of unreasonable, speculative, or forced inferences. *Steward v. Goetz*, 945 S.W.2d 520, 528 (Mo.App. 1997). "The evidence and inferences must establish every element and not leave any issue to speculation." *Id.* A submissible case is not made if it solely depends on evidence which equally supports two inconsistent and contradictory inferences constituting ultimate and determinative facts because liability is then left in the realm of speculation, conjecture and surmise. *Id.* at 528–29.

■ " 'When we say that a plaintiff is entitled to a favorable view of the whole evidence, we do not mean that material facts testified to by plaintiff may be ignored.' " *Williams v. Kansas City Transit, Inc.*, 339 S.W.2d 792, 797–98 (Mo.1960) (quoting *Brooks v. Stewart*, 335 S.W.2d 104, 110 (Mo.1960)). A party is bound by his or her own testimony on matters of fact (other than estimates of time, distance, or location) unless corrected or explained. *Id.* at 798; *Brandt v. Pelican*, 856 S.W.2d 658, 664 (Mo. banc 1993); *Za-*

935 S.W.2d 703, 707 (Mo.App.1996).

*bol v. Lasky*, 555 S.W.2d 299, 304 (Mo. banc 1977); *Wuerz v. Huffaker*, 42 S.W.3d 652, 655, 657–58 (Mo.App.2001). This is because a party's testimony " 'may be of such a character as to have all the force and effect of a judicial admission by which he is bound notwithstanding the testimony of other witnesses to the contrary.' " *Correale v. Hall*, 9 S.W.3d 624, 629 (Mo. App.1999) (quoting *Goggin v. Schoening*, 199 S.W.2d 87, 92 (Mo.App.1947)).

■ On direct examination, Mrs. Steward testified that she remembered slipping "on some ice or something," but did not see any ice before she slipped. On cross-examination, she admitted that she was able to "see clearly" the brick surface of the front porch and never saw any ice or snow on the porch. She admitted that she did not know what she slipped on. On redirect examination Mrs. Steward testified that, as she approached the porch, it did not look like there was any snow or ice on it, she was able to walk and stand on the porch without any difficulty, and never saw ice or snow before her fall. Mrs. Steward's admissions on cross-examination must be taken as true in the absence of a showing that they were induced by mistake, misunderstanding or lack of definite recollection. *Thaller v. Skinner and Kennedy Company*, 307 S.W.2d 734, 737–38 (Mo.App.1957). Further, plaintiffs did not call any witnesses who saw ice on the porch at the time of her fall. Under these circumstances, there was no evidence supporting a submissible case on causation. *Whaley v. LS & E, Inc.*, 859 S.W.2d 180, 181–82 (Mo.App.1993).

■ Plaintiffs argue that we can consider other evidence in the record about the cause of her fall. Plaintiffs introduced the Chesterfield Fire Department ambulance record at trial as a business record. Under the section "Chief Complaint," the record reported in part, "56 y/o/F fell on ice"

and "Pt. states she slipped on ice." Mrs. Steward testified that the ambulance arrived sometime within the hour after she fell.

Plaintiffs also played the video-recorded deposition of Dr. Andrew Rouse for the jury. He testified that he first saw Mrs. Steward in the hospital emergency room on the day of her fall because, "At that point she had slipped and fallen on ice and injured her leg . . . ."

■ The evidence from these two sources contradicts Mrs. Steward's sworn trial testimony. If a party testifies to facts within his or her knowledge that defeat his or her case, that party cannot rely on contradictory testimony to make a submissible case. *Mollman v. St. Louis Public Service Co.*, 192 S.W.2d 618, 621 (Mo.App. 1946), which explains:

> But if [the party] testifies positively and understandingly to the basic facts and circumstances in the case, and in the event his testimony would defeat his recovery, he makes no subsequent correction or modification under the claim of confusion or mistake, he may not have the benefit of the testimony of other witnesses which is contradictory of his own testimony with respect to the same matters. In other words, he cannot make out a better case for himself than he himself has testified to where his case involves facts within his own knowledge, for if this were to be allowed, it would be tantamount to permitting him to say for his own advantage that his own testimony should be regarded as false, and that of some other witness as true. And not only is he to be denied the right to have his case aided or supported by any of his adversary's evidence which contradicts his own testimony in regard to the material facts and circumstances upon which his cause of action depends (*Elkin v.*

[*St.*] *Louis Public Service Co.,* 335 Mo. 951, 74 S.W.2d 600 [(1934)]), but he is no less to be barred from relying upon the testimony of any of his own witnesses which directly conflicts with that which he himself has given. *McCoy v. Home Oil & Gas Co.,* Mo.App., 60 S.W.2d 715; *McCullough v. Chicago, R.I. & P.R. Co.,* Mo.App., 88 S.W.2d 400 [(1935)]; *Ireland v. Shukert,* Mo.App., 238 Mo.App. 78, 177 S.W.2d 10; *Partney v. Agers,* Mo.App., 238 Mo.App. 764, 187 S.W.2d 743 [(1945)].

*Id.* at 621–22.

Further, the evidence on which plaintiffs rely is not from any witness to Mrs. Steward's fall, but secondary reports. These reports were apparently based on Mrs. Steward's comments at the time. She did not use this evidence at trial to correct or explain her testimony or to refresh her recollection. Under these circumstances plaintiffs are bound by Mrs. Steward's trial testimony and cannot rely on the contradictory statements in the ambulance report or the treating doctor's deposition to make a submissible case. *Mollman,* 192 S.W.2d at 621. *See also Migneco v. Eckenfels,* 397 S.W.2d 682, 686 (Mo.1965); *Ireland v. Shukert,* 238 Mo.App. 78, 177 S.W.2d 10, 17 (1944); *McCoy v. Home Oil & Gas Co.,* 60 S.W.2d 715, 724 (Mo.App. 1933).

The trial court did not err in directing a judgment in Baywood Villages' favor.

## II. *Directed Judgment in Favor of Top Care*

■ We next take up the direction of the verdict in favor of Top Care. The judgment in Top Care's favor may also be sustained on plaintiffs' failure to make a submissible case that ice caused her fall. It may equally be sustained on the grounds that plaintiffs failed to show a duty or negligent breach of that duty. Plaintiffs alleged that Top Care had agreed to keep the porch "in a safe condition free of snow, ice, frozen water and other hazards to persons attempting to enter the building," and negligently "failed to maintain" the porch "in a safe condition free of snow, ice, frozen water and other hazards."

Plaintiffs put into evidence Top Care's contract with Baywood Villages, which provides:

In accordance with terms and conditions hereinafter set forth, Top Care, Inc. will furnish equipment and services for snow plowing, shoveling and salting for the Winter Season.

Snow plowing begins when snow depth reaches 1–2″ depth (sic).

During a snowfall, a plowing or replowing will be scheduled at each accumulation of 2 or more inches.

Sidewalks and walkways will be scheduled to be cleared of snow once during a 12 hour period and again at night before the start of the next working day for a typical snow fall.

Top Care, if requested, will provide a Certificate of Insurance upon acceptance of contract. Cost:

Snow Plowing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $75.00 per hour
Shoveling and spreading of Ice control chemicals
(sidewalks, all steps, etc.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25.00 per hour
Salt (1/2 ton minimum) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $95.00 per ton
Ice Control Chemicals (50 lb. bags) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $10.00 per bag

Ordinarily, a tort cause of action cannot arise from breach of a contractual duty without privity of contract. *Wester-hold v. Carroll,* 419 S.W.2d 73, 80 (Mo. 1967). However, there are situations in which public policy recognizes a exception to this rule. *Id.* In *Hellmann v. Droege's Super Market, Inc.,* 943 S.W.2d 655 (Mo. App.1997), we did not reach the question of whether a snow removal contract provided a basis for that exception because the contract in that case 1) was not breached and 2) did not insure the safety of the parking lot on the day of the fall.

In this contract, the contractual obligation was to clear "sidewalks and walkways" of "snow" during a "snowfall" "once during a 12 hour period and again at night." It is undisputed that Top Care performed snow removal services at 7:30 p.m. and Mrs. Steward fell between 8:00 and 8:30 p.m. Mrs. Steward testified that she could clearly see the brick surface of the porch and saw no ice or snow. Plaintiffs are bound by Mrs. Steward's own testimony unless corrected or explained. *Brandt,* 856 S.W.2d at 664. There was no evidence in the record that Top Care breached any contractual duty to remove snow at the designated times under the contract. Further, contrary to the allegations in plaintiffs' petition, the contract did not require Top Care to "keep" or "maintain" the porch in a safe condition, but only to provide specific services no more than two times during a 24 hour period.

*Kelly v. S & K Enterprises,* 995 S.W.2d 13 (Mo.App.1999), on which plaintiffs rely, is inapposite. In that case the court of appeals reversed a directed verdict in the defendant snow removal company's favor when the plaintiff slipped on ice on a parking lot on which defendant had contracted to remove snow. However, the defendant had also contracted to be responsible for all damages to persons occurring as a result of negligence in its work. *Id.* at 14–15. Further, there was evidence that the defendant had been specifically instructed to treat the lot with salt and sand, and no sand or salt was on the parking lot at the time of the plaintiff's fall. *Id.* at 15.

For all of the above reasons, the trial court did not err in directing a verdict in Top Care's favor.

*Conclusion*

The judgment of the trial court is affirmed.

GLENN A. NORTON, P.J. and MARY K. HOFF, J., concur.