Jeannine McLAUGHLIN, Respondent,

v.

**Mack HAHN and Joyce Hahn, Appellants.**

**No. WD 65640.**

Missouri Court of Appeals, Western District.

Aug. 29, 2006.

Michael E. McCausland, Brian M. Bartalos, Co–Counsel, Kansas City, MO, for appellants.

Mary E. Bigge, Independence, MO, F. Russell Peterson, Co–Counsel, Overland Park, KS, for respondent.

Before: LOWENSTEIN, P.J., BRECKENRIDGE, J., and RUSSELL, SP.J.

HAROLD L. LOWENSTEIN, Judge.

Mack and Joyce Hahn ("Defendants") appeal the judgment entered in a personal injury suit brought by a customer at their garage sale. The jury assessed Defendants 46% fault for the damages sustained by a Jeannine McLaughlin ("Plaintiff") when she tripped over a rolled carpet in Defendants' driveway. This court finds that the trial court erred in preparing and submitting a converse instruction to the jury. The case is reversed and remanded.

### FACTS

Plaintiff and her daughter were customers at a garage sale held at Defendants' home in August 1999. A partially unrolled carpet was lying on the left side of the driveway, on the "slanted portion" of the drive, leaving about eight feet of unobstructed space on the right side of the drive. Customers had to walk past the carpet to reach the main area of the sale, and then to leave.

Upon arriving at the sale, Plaintiff noted the carpet, cautioning her daughter to be careful and walk around the carpet. When Plaintiff's daughter was ready to pay for her items, Plaintiff noticed a large "time-out doll" near the cash box.[1] Plaintiff purchased the doll, and Defendants' daughter-in-law, not a party to the lawsuit, laid the doll across Plaintiff's arms. Plaintiff shifted the doll to her hip but repositioned the doll to be carried across her arms when one of the doll's boots fell off.

With her arms full and unable to see her feet, Plaintiff proceeded down the driveway toward her car. She testified that she remembered the carpet and tried to avoid it by sidestepping to her left until she saw the center seam of the driveway. She then walked forward, caught her toe in the carpet and fell, injuring her shoulders. She required hospitalization.

Plaintiff brought suit against Defendants for extensive personal injuries sustained from her fall. Plaintiff's negligence claim

---

1. The "time-out doll," which was displayed at oral argument, is a large, stuffed cloth doll designed to lean against the wall in a "time-out" position with her hands over her face.

was predicated on premises liability to business invitees. The trial was held from May 2 to May 5, 2005.

At trial Plaintiff and Defendants each proposed verdict directors. Defendants also proposed a converse instruction based upon their proposed verdict director. The trial court rejected Defendants' proposed verdict director and converse instruction and accepted Plaintiff's verdict director instruction. The court then prepared and gave to the jury *sua sponte* a converse instruction.[2] Defendants objected to Plaintiff's non-MAI verdict director and the trial court's converse instruction.

The jury assessed fault against the Plaintiff of 54% and against the Defendants of 46%. Total damages were assessed at $146,000. The trial court entered judgment on the jury verdict, ordering Defendants to pay their percentage of the damages, $67,160, as well as their portion of the costs of the action. Defendants filed a Motion for Judgment Notwithstanding the Verdict as well as a Motion for a New Trial, both of which were denied. Defendants timely appealed.

## DISCUSSION

■ Defendants first assert the trial court erred in allowing Plaintiff's claim to go to the jury as Plaintiff failed to make a submissible case. "To establish an owner's premises liability under plaintiffs' theory of negligence, an injured invitee must show: (1) a dangerous condition existed on defendant's premises which involved an unreasonable risk; (2) the defendant knew or by using ordinary care should have known of the condition; (3) the defendant failed to use ordinary care in removing or warning of the danger; and (4) the plain-

tiff sustained injuries as a result of such condition." *Steward v. Baywood Villages Condominium Ass'n,* 134 S.W.3d 679, 682 (Mo.App.2004); MAI 22.03.

At trial, evidence was presented that the carpet was lying on the "slanted" portion of the driveway without any kind of barricade. Customers to the garage sale were required to walk around the carpet on their way to and from the sale. Customers with their arms full of purchases would have to avoid the carpet to return to their vehicles. From this information, the jury could infer that Defendants were aware of the hazard.

In addition to failing to barricade the rug, Defendants did not warn Plaintiff of the hazard. Plaintiff testified that although she knew of the carpet and took steps to avoid the hazard, she nevertheless tripped and was injured. The record indicates that the jury was presented with substantial evidence from which they could determine Defendant's liability. The trial court did not err in submitting the case to the jury.

■ Additionally, Defendants point to several claims of instructional error. This opinion addresses only the claim of instructional error, specifically the adequacy of the court-submitted converse instruction. As defendants' claim of error with regard to the converse instruction proves dispositive, this court will not address their remaining claims of error.

■ Whether a jury is properly instructed is a matter of law subject to *de novo* review by this court. *Boggs ex rel. Boggs v. Lay,* 164 S.W.3d 4, 20 (Mo.App. 2005). The party challenging the instruction must show that the instruction misled,

---

**2.** The language of both Plaintiff's submitted verdict director and the trial court's converse is set out later in this opinion.

misdirected, or confused the jury, and that prejudice resulted from the error. *Jone v. Coleman Corp.*, 183 S.W.3d 600, 605 (Mo. App.2005). A trial court's instructional error is reversible if the error substantially prejudiced a party. *Wiskur v. Johnson*, 156 S.W.3d 477, 480 (Mo.App.2005).

■ "A defendant is entitled to a converse of plaintiff's verdict directing instruction." *Gilleylen v. Surety Foods, Inc.*, 963 S.W.2d 15, 17 (Mo.App.1998). Two types of converse instructions, provided under the Missouri Approved Instructions, are relevant here: an affirmative converse and a true converse. *Drury v. Mo. Pac. R.R. Co.*, 905 S.W.2d 138, 146 (Mo.App.1995).[3]

■ The true converse instruction is the method by which the defendant emphasizes one or more of the elements of the plaintiff's case for which the plaintiff has the burden of proof. *Sall v. Ellfeldt*, 662 S.W.2d 517, 523 (Mo.App.1983). No independent evidence is required to support a true converse instruction. *Palcher v. J.C. Nichols Co.*, 783 S.W.2d 166, 170 (Mo.App.1990). Rather, true converse rests "upon the contention of the adversary that the plaintiff has failed to prove some element of the case." *Id.* (*citing Sall v. Ellfeldt*, 662 S.W.2d 517, 523 (Mo. App.1983)).

■ Requirements for a true converse are found in the General Comment to MAI 33.01. A true converse begins, "You must find for defendant UNLESS you believe" and the remainder is taken from the language of the verdict director. *Hiers v. Lemley*, 834 S.W.2d 729, 734 (Mo.1992). The verdict director is "[t]he form book for the language of the converse instruction." (General Comment to MAI 33.01 [1980 Revision] Converse Instructions).

The true converse must submit the proposition of the verdict director in substantially the same language. *Sall*, 662 S.W.2d at 523. Use of the same language in both the verdict director and the converse instruction serves two purposes. First, use of substantially the same language avoids the danger posed by distorting the legitimate burden of proof into a misdirected verdict. *Id.* (*citing Snyder v. Chicago, Rock Island & Pac. R.R. Co.*, 521 S.W.2d 161, 164 (Mo.App.1973)). Second, use of the same language "serves to emphasize the necessity for the jury to believe certain propositions upon which the plaintiff must sustain the burden of proof before a recovery is awarded." *Powers v. Ellfeldt*, 768 S.W.2d 142, 145 (Mo.App. 1989).

In this case, Defendant proffered both a verdict director and a converse instruction at the instruction conference. The court rejected both the proposed verdict director and the converse instruction that was based on their proposed verdict director. The court, *sua sponte*, then drafted and submitted a converse instruction, Instruction 8.

Instruction 8 begins with the phrase: "In your verdict you must not assess a percentage of fault to defendants UNLESS you believe." Thus, Instruction 8 is a true converse instruction under MAI 33.01. To comply with the General Comments to MAI 33.01, Instruction 8 should have then incorporated the four elements of the verdict director using substantially the same language.

The two instructions, the verdict director and converse instruction, laid side-by-side demonstrate that this true converse instruction fails to use substantially the same language as the verdict director.

**3.** *Converse Instructions Under MAI*, 42 Mo. L.Rev. 175 (1977) by Elwood Thomas remains the most definitive and readable work on converse instructions in Missouri.

### Instruction 7
### Verdict Director

In your verdict you must assess a percentage of fault to defendants whether or not plaintiff was partly at fault if you believe:

1) Plaintiff knew about the partially unrolled carpet on the defendants' premises, and

2) Despite plaintiff's knowledge the defendants should have anticipated that a risk of a customer tripping over the carpet existed even if the customer was exercising ordinary care, and

3) Defendants failed to use ordinary care to remove the carpet, barricade it or warn of it,

4) Fourth, such failure directly caused or directly contributed to cause damage to the plaintiff.

### Instruction 8
### Converse Instruction

In your verdict you must not assess a percentage of fault to defendants UNLESS you believe:

1) There was a partially unrolled carpet on driveway of defendants' premises, and

2) There was a risk of a customer tripping over the carpet even if the customer was exercising ordinary care, and

3) Defendants failed to use ordinary care to remove the carpet, barricade it or warn of it,

4) Such failure directly caused or indirectly contributed to cause damage to the plaintiff.

The language of the converse instruction's first two statements is not substantially the same as the language of the verdict director. The "true" converse here does not address either the plaintiff's knowledge of the carpet nor the defendant's failure to anticipate the danger to the plaintiff found in the verdict director. Plaintiff, however, argues that only the causation element of the two instructions need be substantially the same and, here, the language of causation established in the third element of each instruction is identical. Citing *Sall*, Plaintiff argues that the danger is that the burden of proof as to causation will be distorted by the converse. 662 S.W.2d at 523. Plaintiff's interpretation of the caution contained in *Sall* is overly narrow, however. *Sall* cautions against the "peril that the legitimate burden of proof may be distorted into a misdirected verdict." *Id.* Plaintiff bears the burden of establishing each element of her negligence claim. Thus, the language of each element needs to be substantially the same to avoid distorting the burden of proof on that element.

The verdict director in the case at bar clearly establishes the elements of the negligence claim that Plaintiff must prove. Defendants' duty to Plaintiff is established by the first two statements; even though plaintiff knew about the rug, Defendants should have anticipated that a customer, exercising ordinary care, could still trip over the rug. That the Defendants failed to remove, barricade, or warn of the partially unrolled carpet establishes the breach of the duty owed to the Plaintiff. Finally, causation is found where the breach in the third statement leads to the Plaintiff's damages.

Although the first two statements of the converse address the carpet on the driveway, they do not describe any duty, much less the duty of the Defendants to anticipate the risk that a customer may trip over the carpet. The statements only establish that: (1) there was a partially unrolled carpet on the driveway, and (2) the carpet created a tripping hazard. Plaintiff's knowledge of the carpet is not addressed nor is Defendants' duty to Plaintiff to anticipate the hazard established.

The purpose of the true converse is to demonstrate that the "plaintiff failed the burden to prove some element of the case." *Palcher*, 783 S.W.2d at 170. Therefore, the language of elements of the

converse must mirror the language of the verdict director, or at the very least, to correctly state the elements in substantially the same language. Moreover, the language of the converse must correctly state the elements for which the Plaintiff bears the burden of proof. Here, the converse instruction fails both as a converse in failing to use substantially the same language in the duty elements, and more generally, as an instruction on negligence in failing to establish any duty upon which a breach can be predicated. Therefore, the trial court erred in drafting and giving the converse instruction that fails to use substantially the same language as the verdict director and fails to correctly set out the elements Plaintiff must prove in her negligence claim.

■■■■■■■ Establishing error is only the first step in the analysis. This court cannot reverse for instructional error absent a showing of prejudice. *Hudson v. Carr*, 668 S.W.2d 68, 71 (Mo. banc 1984) (it "is not enough to show erroneous deviation unless prejudice also appears"). Because both the verdict director and the converse instruction were non-MAI instructions, prejudice is not presumed but rather must be shown by Defendants. *White v. James*, 848 S.W.2d 577, 582 (Mo.App.1993) (*quoting Sooter v. Magic Lantern, Inc.*, 771 S.W.2d 359, 362 (Mo.App.1989) ("any error in the instruction is not presumptively prejudicial as it would be if the instruction had deviated from an applicable MAI instruction, and the burden of showing prejudice is on the plaintiffs")).

■■■■■■■ In this case, however, the trial court drafted the converse instruction. A trial court does not have a duty to draft a party's instructions. *Parker v. Wallace*, 431 S.W.2d 136, 139 (Mo.1968). However, as the court noted in *Sheinbein v. First Boston Corp.*, when the trial court on its own drafts an instruction "it is required to

give a correct one." 670 S.W.2d 872, 878 (Mo.App.1984).

In *Sheinbein*, a corporate treasurer brought a breach of contract action against a brokerage firm. *Id.* at 875. The trial court drafted and gave *sua sponte* an affirmative converse instruction addressing the defense of mistake. The jury returned a verdict for the plaintiff for just over half the damages the plaintiff had sought. The brokerage firm appealed and the plaintiff cross-appealed. *Id.* The court reasoned that because the affirmative converse instruction was defective, the jury's finding against the defendant must have resulted from the defective instruction. *Id.* at 878. The opinion held that "[w]hen an erroneous defense instruction is given by the court and not by the defendant and the trial results in favor of the party against whom that instruction was directed, the presumption is that the erroneous instruction was prejudicial." *Id.*

■■■ In this case, the trial court prepared and gave a true converse instruction rather than an affirmative converse. In a sense, the burden on the defendant created by an affirmative converse instruction is greater than that created by a true converse instruction in that "[a]n affirmative converse instruction must submit a hypothesized ultimate fact issue which, if true, negates plaintiff's claim." *Drury*, 905 S.W.2d at 146–47. A true converse seeks to emphasize the elements that the *plaintiff* must prove in order to recover and does not have to be supported independent evidence. *Palcher*, 783 S.W.2d at 170.

Regardless of whether the erroneous instruction drafted by the trial court was a true converse or an affirmative converse, the prejudice to the defendant remains the same. In *Sheinbein*, the trial court failed to set forth the correct law

with regard to the defense of mistake, foreclosing a portion of that defense to the defendant. 670 S.W.2d at 878. Here, the purpose of the converse instruction was undermined by the failure to use substantially the same language as that found in the verdict director. Moreover, the court-drafted converse failed to correctly set forth the elements of negligence the Plaintiff was required to prove.

This court does not dispute that in both cases the trial court was attempting to assist the Defendants by preparing the converse instruction. The Defendant proffered a true converse of their proposed verdict director. When the trial court rejected Defendants' verdict director, the converse, of necessity, was rejected as well. The trial court should have allowed Defendants to draft an alternate converse based upon the accepted verdict director or given Defendants the option of foregoing the giving of any converse instruction. In taking upon itself the task of preparing a converse for the Defendants, the court also bears the burden of drafting a converse instruction that is correct in form and correct in its statement of the applicable law. The converse instruction (1) failed to use substantially the same language as the verdict director given to the jury and (2) failed to correctly set forth the elements for which Plaintiff bore the burden of proof. Because the jury assessed a measure of fault against the defendant, under *Sheinbein*, the erroneous instruction is presumed prejudicial.

The judgment is reversed and the case remanded for a new trial.

All concur.